**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BUSINESS LENDERS, LLC,

    Plaintiff,

vs.                                                                      Case No. 3:20-cv-784-J-34MCR

GINGERBREAD HOUSE LEARNING
CENTER INC., DERVENT RICHARDS,
and MARIEKA N. RICHARDS,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On July 15, 2020, Plaintiff Business Lenders, LLC, filed the instant Complaint (Doc. 1; Complaint), seeking to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 "in that the amount in controversy is in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, and the action is by citizens of different states." See Complaint ¶ 6.  However, upon review of the Complaint, the Court finds that Plaintiff fails to allege sufficient facts to plausibly demonstrate that the parties are diverse.  See Taylor v. Appleton, 30 F.3d, 1365, 1367 (11th Cir. 1994).

Specifically, Plaintiff does not sufficiently allege the citizenship of the Defendants in this action.[1]  See Complaint ¶¶ 3-5.  As to each of the two individual Defendants, Plaintiff appears to base its respective allegations that "[f]or diversity purposes, [Defendant] is a citizen of Florida[,]" on the preceding allegations that "[Defendant] is an individual residing, upon information and belief, in Jacksonville, Duval County, Florida."  See ¶¶ 4, 5.  However, for a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  To establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides.  Taylor, 30 F.3d at 1367.  A natural person's citizenship is determined by

---

[1] The failure to adequately allege diversity jurisdiction in this case is certainly not unique.  See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar.").  But, as aptly stated in Wilkins, the all-to-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id.  Indeed,

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4.  As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction.  See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

2

his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment. . .to which he has the intention of returning whenever he is absent therefrom." McCormick, 293 F.3d at 1257-58 (quotation and citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish citizenship for a natural person." Taylor, 30 F.3d at 1367; Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). Thus, the Complaint fails to present allegations sufficient to establish that the parties are diverse from each other.

Additionally, as to each of the three Defendants in this case, Plaintiff alleges jurisdictional facts "upon information and belief." See Complaint ¶¶ 3-5. Allegations premised only on "information and belief," are insufficient to establish the citizenship of a party as necessary to invoke this Court's subject matter jurisdiction. See, e.g., Payne v. Ivy, No. 6:18-cv-3-Orl-18KRS, 2018 WL 1155987, at *1 (M.D. Fla. Jan. 22, 2018) ("Allegations made 'upon information and belief' are not sufficient to support jurisdictional allegations, however."); Matos-Cruz v. JetBlue Airways Corp., No. 6:17-cv-380-Orl-37TBS, 2017 WL 3268956, at *2 (M.D. Fla. Aug. 1, 2017) ("Courts have held that allegations concerning a party's citizenship based only 'on information and belief' are insufficient."); Principle Solutions LLC v. Feed.ing BV, No. 13-C-223, 2013 WL 2458630, at *2 (E.D. Wis. June 5, 2013).

Without additional information regarding the citizenship of the individual parties, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.[2]  Accordingly, it is

---

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit

3

**ORDERED**:

Plaintiff Business Lenders, LLC shall have until **July 24, 2020**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on July 16, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:

Counsel of Record
Pro Se Parties

---

cases decided in 2017.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").