## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

NORTHEAST BANK, as the
successor in interest of Business
Lenders, LLC,

      Plaintiff,

v.                                       Case No. 3:20-cv-784-MMH-MCR

GINGERBREAD HOUSE LEARNING
CENTER, INC., DERVENT RICHARDS,
and MARIEKA N. RICHARDS,

      Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Summary Judgment and Incorporated Memorandum of Law ("Motion for Summary Judgment") (Doc. 22),[2] and Motion for Extension of Time to

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

[2] On April 22, 2021, the Motion for Summary Judgment was referred to the undersigned for a report and recommendation regarding an appropriate resolution of the same. (Doc. 27.)

Complete Court-Ordered Mediation ("Motion for Extension of Mediation") (Doc. 30). For the reasons stated herein, the undersigned respectfully recommends that the Motion for Summary Judgment be **DENIED without prejudice** and the Motion for Extension of Mediation be **GRANTED in part** and to the extent discussed herein.

On July 14, 2020, Plaintiff, Business Lenders, LLC (Lender),[3] filed its Complaint against Defendants, Gingerbread House Learning Center, Inc. (Borrower), Dervent Richards (Guarantor), and Marieka Richards (Guarantor), for breach of a promissory note and guarantees.[4] (Doc. 1.) According to Plaintiff, Defendant Gingerbread failed to make payments on the Note at issue since June 1, 2019. (*Id.* at ¶ 15.) On or about July 19, 2019, Plaintiff served Defendant Gingerbread with a demand for the full amount due on the Note and accelerated the amount due under the Loan Documents. (*Id.* at ¶ 16-17.) As a result of the default on the Note and Guarantees,

---

[3] Business Lenders, LLC initiated this action against Defendants. (Doc. 1.) However, on January 21, 2021, the Court permitted Northeast Bank, the successor in interest of Business Lenders, LLC, to proceed as the appropriate Plaintiff in this action. (Doc. 18.)

[4] Plaintiff alleges that Defendant Gingerbread "executed and delivered to Plaintiff a U.S. Small Business Administration Note (the 'Note') in the principal amount of $515,000.00," which was secured by a mortgage on property owned by Defendant Gingerbread. (*Id.* at ¶¶ 8-10.) Defendants Dervent Richards and Marieka Richards each signed a U.S. Small Business Administration Guarantee, guaranteeing Defendant Gingerbread's payment of the Note. (*Id.* at ¶¶ 11-12, 27, 34.)

Plaintiff claims that it suffered damages and seeks, *inter alia*, the full amount of the outstanding principal, interest, late charges, courts costs and attorney's fees from Defendants. (*Id.* at 18.)

On September 9, 2020, Defendants Dervent and Marieka Richards filed their Answer to the Complaint. (Doc. 7.) As a defense, Defendants assert that Plaintiff failed to state a claim upon which relief can be granted because "Plaintiff, BLL sold all rights to the loan and guarantees." (Doc. 7 at 2.)

On October 1, 2020, Plaintiff filed a return of service averring that on July 20, 2020, the Complaint and Summons were properly served on Gingerbread's registered agent, Marieka Richards, constituting corporate service pursuant to Fla. Stat. § 48.081. (Doc. 8 at 1.) After Defendant Gingerbread failed to answer or otherwise respond to the Complaint, Plaintiff moved for entry of a Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, which the Clerk entered on October 2, 2020. (*See* Docs. 9 & 11.)

On February 18, 2021, Plaintiff filed its Motion for Summary Judgment against all Defendants, claiming it is entitled to summary judgment as a matter of law on the breach of the loan documents and guarantee agreements because there are no genuine issues as to any material fact. (Doc. 22.) According to Plaintiff, "[b]y virtue of default against Borrower, and Guarantor's failure to dispute the material allegations of liability against

them, summary judgment is appropriate." (*Id.* at 5.) Defendants failed to respond to the Motion for Summary Judgment by the March 11, 2021 deadline. Nevertheless, the Court gave Defendants Dervent and Marieka Richards until April 7, 2021 to respond to the Motion, advising that failure to do so would result in the Motion being treated as unopposed. (Doc. 25.) To date, they have not responded to the Motion for Summary Judgment.

On April 21, 2021, the Court, *sua sponte*, directed Plaintiff to show cause by May 5, 2021 as to "why the claims raised against Defendant [Gingerbread House] should not be dismissed for failure to prosecute by seeking a default judgment under Rule 55(b) and Local Rule 1.10(c)." (Doc. 26.) Plaintiff responded that "[b]ecause the obligations of Gingerbread, as borrower, affected the liability of the Richards, as guarantors of the underlying loan, Plaintiff intended to pursue its claims against Gingerbread and the Richards together in one Motion for Final Summary Judgment." (Doc. 28 at 2.) Plaintiff also stated that if the Court did not deem the Motion for Summary Judgment to be "sufficient" to "satisfy the requirements of Rule 55 of the Federal Rules of Civil Procedure and Local Rule 1.10(c)," then it requested "leave to file a Motion for Final Judgment After Default as to Gingerbread." (*Id.*)

On June 10, 2021, Plaintiff filed an unopposed motion to extend the June 11, 2021 mediation deadline until 60 days from the Court's ruling on

the Motion for Summary Judgment. (Doc. 30.) In the Motion for Extension of Mediation, Plaintiff indicates that Defendants Dervent and Marieka Richards do not object to the requested relief, and states that "the parties are actively working towards a resolution in this matter." (*Id.* at 2.)

As an initial matter, "[t]he appropriate procedure against a defendant in default is a motion for default judgment, not a motion for summary judgment." *Great Am. Ins. Co. v. Delphini Constr. Co.*, No. 6:14-cv-1412-Orl-41DAB, 2015 WL 13791707, at *2 (M.D. Fla. Sept. 28, 2015) (declining to construe plaintiff's motion for summary judgment as a motion for default judgment where the motion for summary judgment did "not address the issues necessary to determine whether default judgment [was] appropriate—*i.e.*, whether the well-pleaded facts, taken as true, establish[ed] liability"). As such, the claims against the defaulting Defendant, Gingerbread House, are not subject to summary judgment; rather, Plaintiff must file an appropriate motion for default judgment pursuant to Rule 55.[5]

---

[5] Rule 55 establishes a two-step process for obtaining a default judgment. First, when a party fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the party. *See* Fed. R. Civ. P. 55(a). Second, after the clerk's default is entered, the petitioning party must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. *See* Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

In light of the procedural posture of the case, including the improper inclusion of Defendant Gingerbread House in the Motion for Summary Judgment, and the parties' recent representation that they are "actively working towards a resolution in this matter," the undersigned recommends that the Motion for Summary Judgment be denied without prejudice. The undersigned also recommends that the parties be directed to participate in mediation within 60 days of the Court's order. It is also recommended that within 21 days after mediation, if it proves to be unsuccessful, Plaintiff be directed to re-file its motion for summary judgment against the appearing Defendants, Dervent and Marieka Richards, and to file a proper motion for default judgment against the non-appearing Defendant in Clerk's default, Gingerbread House.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion for Summary Judgment (**Doc. 22**) be **DENIED without prejudice**.

2. The Motion for Extension of Mediation (**Doc. 30**) be **GRANTED** only to the extent the parties be directed to complete mediation within 60 days of the Court's order.

3. Within **twenty-one (21)** days of mediation, in the event mediation proves unsuccessful, that Plaintiff be directed to (a) renew its motion for summary judgment against the appearing Defendants, and (b) to

file an appropriate motion for default judgment pursuant to Rule 55 against the non-appearing Defendant in Clerk's default.

**DONE AND ENTERED** at Jacksonville, Florida, on June 29, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Any Unrepresented Party